Darrell W. Clark, No. 43943
Tracey M. Ohm, Bar No. 77150
Stinson Leonard Street LLP
1775 Pennsylvania Ave., N.W. Suite 800
Washington, D.C. 20006
Tel: (202) 785-9100
Fax (202) 785-9163
darrell.clark@stinsonleonard.com
tracey.ohm@stinsonleonard.com
*Special Counsel for Richard A. Bartl, Chapter 7 Trustee*

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | |
|---|---|
| In re: | Case No: 06-10316-RGM |
| | (Chapter 7) |
| ICHIBAN, INC., | |
| | **Hearing Date: February 11, 2014** |
| Debtor. | **Hearing Time: 9:30 a.m.** |

**TRUSTEE'S MOTION FOR ORDER AUTHORIZING SALE OF ASSETS FREE AND CLEAR OF ALL LIENS AND INTERESTS PURSUANT TO 11 U.S.C. § 363**

TO THE HONORABLE ROBERT G. MAYER, BANKRUPTCY JUDGE:

COMES NOW, Richard A, Bartl, the duly appointed and qualified trustee of the Chapter 7 bankruptcy estate of Ichiban, Inc. ("Debtor"), by and through his special counsel, Stinson Leonard Street LLP (formerly Stinson Morrison Hecker LLP), and in support of his Motion for Order Authorizing Sale of Assets Free and Clear of All Liens and Interests Pursuant to 11 U.S.C. § 363 (the "Motion"), respectfully states as follows:

**Jurisdiction**

1.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157 (b)(2).

2.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief requested herein are §§ 363 and 365 of the Bankruptcy Code and Rules 2002, and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

**Background**

4. On April 3, 2006, WRIT-NVIP, LLC, Property Reserve, Inc., PC Mall, Inc. and Marsha M. Senack, t/a Ad-Centive Marketing filed an Involuntary Petition under Chapter 7 of the Bankruptcy Code against the Debtor. The Order for Relief was entered on May 3, 2006.

5. Richard A. Bartl is the duly appointed and qualified trustee ("Trustee") for the estate of the Debtor.

6. The Debtor owns 16.3333% of the membership interests (the "Membership Interests") in $I^3$, LLC a Virginia limited liability company ("I3").

7. The Debtor is also the holder of a certain revolving promissory note from I3 dated May 7, 2001, in the face amount of $600,000 (the "Note" and collectively with the Membership Interests, the "Assets").

8. In this Motion, the Trustee seeks authority to sell the Assets to Partnership Liquidity Investors, LLC or assignee ("Purchaser"). The Purchaser's principal is Jerome Fink.

9. The Trustee also seeks to sell the Assets free and clear of any and all liens on the Assets and interests in the Assets with any such liens and interests attaching to the proceeds of sale to the extent and priority that they attached to the Assets. In addition, to the extent such right is enforceable, the Trustee seeks to have this § 363 sale process fulfill any right of first refusal for I3 or any member of I3 to purchase the Assets. A further discussion of the treatment of liens and the right of first refusal is incorporated below.

DB04/1002212.0002/10207515.1

**The Purchase Agreement**

10. The Trustee has entered into an agreement to sell the Assets to the Purchaser for $100,000.00 (the "Purchase Price"). A copy of the membership interest and note purchase agreement ("Purchase Agreement") is attached as Exhibit A.

11. Mr. Fink, principal of Partnership Liquidity Investors, LLC, paid the deposit of $25,000.00 to the Trustee on behalf of the Purchaser. To the best of the Trustee's knowledge, Mr. Fink is not a creditor of the Debtor nor is he otherwise adverse to the estate. The remainder of the Purchase Price shall be payable in full and in cash at the closing of the sale.

12. The Purchase Agreement is contingent upon approval by this Court of the proposed sale. No commission or broker's fee is being paid by the estate. However, the Purchaser used a business broker, Auction Markets, LLC and its principal Stephen Karbelk, to locate these assets for sale. A commission may be paid to the business broker by the Purchaser.

13. The sale of the Assets free and clear of any and all liens and interests is appropriate under 11 U.S.C. § 363(f). To the extent that any right of first refusal held by I3 or its members is enforceable, the Trustee seeks to have this sale approval process fulfill those rights. These issues are discussed in further detail below.

**Approval of the Purchase Agreement is Appropriate**

14. Bankruptcy Code § 363(b)(1) provides: "The trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." A sale of a debtor's assets should be authorized pursuant to Bankruptcy Code § 363(b) if a sound business purpose exists for the sale. *See In re Delaware & Hudson Rwy. Co.,* 124 B.R. 169, 176 (D. Del. 1991); *In re W.A. Mallory Co., Inc.,* 214 B.R. 834 (Bankr. E.D. Va. 1997); *In re WBQ Partnership,*

189 B.R. 97, 102 (Bankr. E.D. Va. 1995); *see also Stephens Indus., Inc. v. McClung,* 789 F.2d 386. 390 (6th Cir. 1986); *In re Lionel Corp.,* 722 F.2d 1063, 1071 (2d Cir. 1983).

15. The test of whether a sound business purpose exists is comprised of the following four elements:

> (a) a sound business reason justifies the sale;
>
> (b) adequate and reasonable notice of the sale was provided to interested parties;
>
> (c) the sale has been proposed in good faith; and
>
> (d) the purchase price is fair and reasonable.

*See WBQ Partnership,* 189 B.R. at 102 *(citing Delaware & Hudson Rwy. Co.,* 124 B.R. at 176), *see also In re On-Site Sourcing, Inc.*, 412 B.R. 817 (Bankr. E.D. Va. 2009) (J. Mayer, applying these factors and suggesting additional relevant factors).

16. Here a sound business reason justifies the sale. The Trustee has investigated various other options to liquidate the Assets, and believes the Purchase Agreement provides the greatest net benefit to the estate.

17. Adequate and reasonable notice is being provided to parties through this Motion and the notice of the hearing on this Motion and notice of deadline for objecting to this Motion that will be served on all creditors and parties in interest.

18. The Trustee believes that the Purchaser is a buyer in good faith of the Assets under § 363(m) of the Bankruptcy Code and, as such, will be entitled to the protections afforded thereby. Although the Bankruptcy Code does not define the term "good faith purchaser," the traditional equitable definition of "one who purchases the assets for value, in good faith, and without notice of adverse claims" has been adopted by various courts. *See In re Abbotts Dairies of Pennsylvania, Inc.*, 778 F.2d 113 (3d. Cir. 1986); *In re Willemain*, 764 F.2d 1019, 1023 (4th

DB04/1002212.0002/10207515.1

Cir. 1985) (quoting *In re Rock Industries Machinery Corp.*, 572 F.2d 1195, 1197 (7th Cir. 1978)).

19. Finally, the Trustee submits that although no formal appraisal of the Assets has been undertaken, the price offered by the Purchaser is fair and reasonable. The value of the Assets could only be increased if I3 was to the sell the real property it owns, thus increasing the value of the Membership Interests. However, this case has been pending since 2006, and no sale of the real property has occurred. One other third party has expressed significant interest in purchasing the Assets but that offer was for substantially less money.

20. The Trustee is satisfied by the financial representations of the Purchaser.

21. The Purchase Agreement is also subject to higher and better offers through the sale approval process.

### Liens and Interests

22. Section 363(f) of the Bankruptcy Code provides that:

The trustee may sell property under subsection (b) or (c) of this section free and clear of any interest in such property of an entity other than the estate, only if—

(1) applicable nonbankruptcy law permits sale of such property free and clear of such interest;

(2) such entity consents;

(3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;

(4) such interest is in bona fide dispute; or

(5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. § 363(f).

DB04/1002212.0002/10207515.1

23. The Trustee seeks authority to sell the Assets free and clear of the liens and interests, with the liens to attach to the proceeds of the sale in the extent and priority that they attached to the Assets pursuant to 11 U.S.C. § 363(f)(4).

24. The Trustee conducted a UCC search in his efforts to determine the marketability of the Assets. Although the UCC search turned up several financing statements filed against the Debtor, those statements expired many years ago and have not been renewed.

25. Because the Trustee's research revealed no current liens on the Assets, any liens that were later determined to exist against the Assets are in bona fide dispute.

26. Therefore, a sale of the Assets free and clear of liens and interests is appropriate under 11 U.S.C. § 363(f)(4).

### Right of First Refusal

27. I3 claims a right of first refusal in the Assets and the I3 limited liability company agreement provides a mechanism for both I3 and its members to execute a right of first refusal.

28. I3 made an offer to the Trustee for the Assets; however, the Trustee has determined that the offer set forth in the Purchase Agreement is the highest and best offer for the Assets. I3's initial offer to the Trustee may have fulfilled I3's right to first refusal for the Assets.

29. Some courts have determine that a right of first refusal creates a burden on assignment that is unenforceable pursuant to § 365(f) of the Bankruptcy Code. *See In re Adelphia Communications Corp.*, 359 B.R. 65, 86-87 (Bankr. S.D.N.Y. 2007) (holding that the rights of first refusal at issue "thwart the fundamental policy of maximizing estate assets for the benefit of all creditors") (internal quotes omitted).

*30.* To the extent that any right of first refusal held by I3 or its members remains and is not unenforceable, the Trustee submits that this sale approval process should fulfill those

rights to first refusal. Courts have granted this type of relief. *See In re Farmland Indus., Inc.*, 284 B.R. 111 (Bankr. W.D. Mo. 2002) *aff'd*, 289 B.R. 122 (B.A.P. 8th Cir. 2003) (reopening bidding at judicial sale to allow third party with right of first refusal on property to match high bid); *In re Todd*, 118 B.R. 432 (Bankr. D.S.C. 1989) (permitting partner to exercise right of first refusal by matching price offered by third party at auction sale).

31.     The sale is subject to higher and better offers. Therefore, I3 has an option to bid for the Assets through the sale approval process, and the sale should be free and clear of any further rights of first refusal.

WHEREFORE, based on the foregoing, the Trustee respectfully requests that this Court enter an Order:

a.   granting the Motion; and

b.   authorizing the Trustee to sell the Assets to the Purchaser, free and clear of all liens and interests with any such liens or interests transferring to and attaching to the proceeds of such sale in the same extent and priority as they attached to the Assets; and

c.   authorizing the Trustee to execute all documents in connection with the sale of the Assets; and

d.   confirming that any rights of first refusal held by I3 or its members, to the extent remaining and enforceable, are fulfilled through this § 363 sale approval process; and

e.   granting such other and further relief as is just and proper.

DB04/1002212.0002/10207515.1

Dated: January 10, 2014

Respectfully submitted,

/s/ Darrell W. Clark
Darrell W. Clark, No. 43943
Tracey M. Ohm, Bar No. 77150
Stinson Leonard Street LLP
1775 Pennsylvania Ave., N.W. Suite 800
Washington, D.C. 20006
Tel: (202) 785-9100
Fax (202) 785-9163
darrell.clark@stinsonleonard.com
tracey.ohm@stinsonleonard.com

*Special Counsel for Richard A. Bartl, Chapter 7 Trustee*

## CERTIFICATE OF SERVICE

      I hereby certify that I did serve a copy of the foregoing Trustee's Motion for Order Authorizing Sale of Assets Free and Clear of All Liens and Interests Pursuant to 11 U.S.C. § 363 on January 10, 2014, electronically via the Court's ECF service and first class mail, postage prepaid, upon the following:

Richard A. Bartl, Esq.
Robert O. Tyler, Esq.
Tyler, Bartl, Ramsdell & Counts, P.L.C.
300 North Washington Street, Suite 202
Alexandria, VA 22314

Bradley D. Jones, Esq.
Office of the United States Trustee
115 S. Union Street, Suite 210
Alexandria, VA 22314

C. Erik Gustafson, Esq.
Jennifer L. Sarvadi , Esq.
LeCLAIR RYAN, A Professional Corporation
225 Reinekers Lane, Suite 700
Alexandria, VA 22314

Matthew A. Clary III, Esq.
Law Offices of Matthew A. Clary III
10114 Farrcroft Drive
Fairfax, VA 22030

Bonnie Ochsner
500 Belmont Bay Drive
#408
Woodbridge, VA 22191

Richard Ochsner
440 Belmont Bay Drive
#204
Woodbridge, VA 22191

Richard Ochsner
937 S. Ponce De Leon Blvd.
Saint Augustine, FL 32084-4265

WRIT-NVIP, LLC
c/o Leon Koutsouftikis, Esq.
Magruder Cook & Koutsouftikis
1889 Preston White Drive, Suite 200
Reston, VA 20191

Robert B. Baumgartner, Esq.
Hale Carlson Baumgartner PLC
10511 Judicial Drive
Fairfax, VA 22030

Jerome A. Fink
416 9th Street
Huntington Beach, CA 92648

Stephen Karbelk
Auction Markets, LLC
43605 Dunhill Cup Square
Ashburn, VA  20147

John Tran, Esq.
Bernard J. DiMuro, Esq.
DiMuroGinsberg, P.C.
908 King Street, Suite 200
Alexandria, VA 22314-3067

Dawn Anthony
5321 Waldo Drive
Alexandria, VA 22315

                                     /s/ Darrell W. Clark
                                     Darrell W. Clark

DB04/1002212.0002/10207515.1