MEMBERSHIP INTEREST AND NOTE PURCHASE AGREEMENT

THIS MEMBERSHIP INTEREST AND NOTE PURCHASE AGREEMENT ("Agreement") is hereby made this ___ day of January, 2014, by and between Partnership Liquidity Investors, LLC or assignee (the "Buyer"); and Richard A. Bartl, Trustee for the Chapter 7 Bankruptcy Estate of Ichiban, Inc. (the "Seller" and collectively with the Buyer, the "Parties").

WITNESSETH:

WHEREAS Richard A. Bartl is the Chapter 7 Trustee for the estate of Ichiban, Inc. ("Ichiban") in the bankruptcy case pending before the United States Bankruptcy Court for the Eastern District of Virginia (the "Bankruptcy Court") known as *In re Ichiban, Inc.*, Case No. 06-10316-RGM ("Bankruptcy Case").

WHEREAS, the Seller owns all right, title and interest to 16.3333% of the membership interest (the "Membership Interest") in $I^3$, LLC, a Virginia limited liability company ("$I^3$") and is the holder of a certain revolving Promissory Note dated May 7, 2001 in the face amount of $600,000 due from $I^3$ to debtor Ichiban, Inc. (the "Note").

WHEREAS, the Seller desires to sell and the Buyer desires to purchase all of the Seller's right, title and interest in the Membership Interest and the Note, it is hereby agreed as follows:

1. <u>Defined Terms/Recitals</u>: The Recitals are incorporated by reference and made a material part of this Agreement.

2. <u>Sale of Seller's Membership Interest</u>: Seller shall sell to the Buyer, and the Buyer shall purchase from Seller, for a total purchase price ("Purchase Price") of One Hundred Thousand Dollars ($100,000.00), all of the Seller's right, title and interest in the Membership Interest and the Note free and clear of all liens and other interests. It is expressly understood herein that Buyer is purchasing the Membership Interest in the LLC subject to and in accordance with the LLC Membership Agreement. None of the "free and clear" language used in this Agreement applies to any limitations or obligations placed upon LLC members in the LLC Membership Agreement. Further, no interest in the underlying real estate owned by the LLC is conveyed in this Agreement.

3. <u>Payment of Purchase Price</u>: The Purchase Price for the Membership Interest and the Note shall be paid as follows: (a) upon execution of this Agreement, a $25,000 deposit shall be paid to "Richard Bartl, Trustee for Ichiban" and (b) the balance shall be payable at Closing.

4. <u>Representations and Warranties</u>: The Seller makes no representations or warranties. The sale is "as-is, where-is" with no warranties express or implied.

5. <u>Conditions Precedent</u>: All obligations under this Agreement are subject to the following conditions:

(a) The Buyer does not assume any of the guaranties or indemnities given in connection with the loans to the real property, companies, or partnerships. Consequently, the sale is conditioned upon there being no such assumption of any existing guaranties/indemnities.

(b) This Agreement is subject to approval by the Bankruptcy Court. The sale hearing shall be scheduled as promptly as possible. Time is of the essence.

(c) The Buyer may reject prior to close any of the real or personal property listed under the schedules of the Seller.

6. Closing:

(a) Date of Closing. The closing of the sale contemplated herein ("Closing") shall take place within five (5) business days after the Bankruptcy Court in the Bankruptcy Case has entered an order or orders approving the sale and transfer of the Membership Interest and Note to the Buyer free and clear of all liens and other interests pursuant to 11 U.S.C. § 363 (b)(1).

(b) Closing Transfers. At the Closing:

(i) The Seller shall execute and deliver to the Buyer a document substantially similar to the Sale and Assignment of Ichiban Inc.'s Membership Interest and Promissory Note attached as Exhibit A transferring the Membership Interest and the Note free and clear of all liens and other interests to the Buyer.

(ii) The Seller shall receive the balance of the Purchase Price in accordance with the terms of this Agreement.

7. Binding Effect: This Agreement shall be binding upon and shall inure to the benefit of the respective legal representatives of the Seller and the Buyer, but shall not be assignable without the prior written consent of all Parties.

8. Modification and Construction: This instrument contains the entire Agreement between the Parties and no statement, promise or inducement made by either party that is not contained herein or in the documents incorporated herein or delivered in connection herewith shall be valid or binding. This Agreement may not be modified except by a writing signed by all of the Parties. This Agreement shall be construed under the laws of the Commonwealth of Virginia.

9. Representations: Each of the Parties represents that it has had an opportunity to obtain such legal advice with respect to execution of this Agreement.

10. Survival: This Agreement, and all terms of this Agreement, will survive the Closing and settlement of the transaction contemplated by this Agreement.

11.  Refund of Deposit – if the Court does not approve the sale, the Trustee shall refund the Deposit (without interest) within 5 business days.

IN WITNESS WHEREOF, the Parties have executed this Agreement on the _____ day of January, 2014.

SELLER:

Bankruptcy Estate of Ichiban, Inc.

By: _____
Name: Richard A. Bartl
Title: Chapter 7 Trustee
Date: _____

BUYER:

Partnership Liquidity Investors, LLC or assignee

By: _____
Name: Jerome A. Fink
Title: Manager
Date: 1/3/2014

Exhibit A

## SALE AND ASSIGNMENT OF PROMISSORY NOTE AND MEMBERSHIP INTEREST OF I$^3$, LLC TO PARTNERSHIP LIQUIDITY INVESTORS, LLC OR ASSIGNEE

IN CONSIDERATION OF the sum of One Hundred Thousand Dollars ($100,000.00), the undersigned RICHARD A. BARTL, TRUSTEE FOR THE CHAPTER 7 BANKRUPTCY ESTATE OF ICHIBAN, INC. (hereafter the "Estate"), hereby sells, assigns and transfers to Partnership Liquidity Investors, LLC or assignee (hereafter "Buyer" and collectively with the Estate, the "Parties") all of the Estate's legal and beneficial rights, title and interest in that certain promissory note dated May 7, 2001 in the principal amount of $600,000 a copy of which is attached as Attachment A, the "Promissory Note") and all right, title and interest in the 16.3333% membership interest in I$^3$, LLC (the "Membership Interest") including, without limitation, all capital, profits, income, payments, distributions and other proceeds arising from or otherwise attributable to the Membership Interest from and after the Effective Date of the Assignment. Title shall pass effective as the date of Closing (the "Effective Date of Purchase") in accordance with the terms of that certain MEMBERSHIP INTEREST AND NOTE PURCHASE AGREEMENT ("Purchase Agreement") dated the ___ day of January, 2014.

The Purchase Agreement and this Exhibit A constitute the entire agreement between the Parties with respect to the subject matter hereof and may not be amended except by a writing signed by the Parties.

IN WITNESS WHEREOF, the undersigned has executed this Sale and Assignment of Promissory Note and Membership Interest under seal this _____ day of _____, 2014.

SELLER:

Bankruptcy Estate of Ichiban, Inc.

By: _____
Name: Richard A. Bartl
Title: Chapter 7 Trustee
Date: _____ o

PURCHASER:

Partnership Liquidity Investors, LLC or assignee

By: _____
Name: _____
Title: _____
Date: _____

DB04/1002212.0002/10182256.1

Attachment A
Promissory Note

## REVOLVING LINE OF CREDIT

## PROMISSORY NOTE

$ 600,000.00                                                                                  MAY 7, 2001

Lorton, Virginia

      FOR VALUE RECEIVED, the undersigned, I³, LLC (hereinafter "Borrower"), hereby promises to pay to the order of ICHIBAN, INC. (the "Lender"), without offset, the principal sum of SIX HUNDRED THOUSAND DOLLARS ($600,000.00), or so much thereof as shall be advanced or re-advanced (the "Principal Amount"), pursuant to the terms hereof, together with interest on the daily balance of the Principal Amount outstanding from the date advanced at the Interest Rate set forth below. The Borrower may borrow, prepay outstanding balances, in whole or in part, without penalty, and re-borrow hereunder in accordance with the provisions of the terms hereof.

      1.    Maturity and Payment Schedule. The unpaid balance of the Principal Amount shall bear interest as set forth below until paid, and shall be due and payable in full with all accrued interest within Ninety (90) days following the date the property located at 981 Annapolis Way, Woodbridge, Virginia, or any portion thereof is sold (the "Maturity Date").

      2.    Interest. The outstanding Principal Amount of the Note that remains outstanding from time-to-time shall accrue interest at the then current applicable federal rate for short term borrowings compounding annually (the "Interest Rate"). Interest shall be computed on the basis of a 360-day year factor applied to the actual number of days funds are outstanding.

      3.    Payments. All payments on account of this Note shall be paid in lawful money of the United States of America in immediately available funds at the address of Lender, as set forth below or at such other place as shall be designated from time to time, or at any time, by the Lender in writing to the Borrower.

      4.    Prepayments. This Note may be prepaid in whole or in part without penalty at any time. All payment and prepayments shall be applied first to outstanding Enforcement Costs (hereafter defined), if any, then to accrued but unpaid interest, and then to principal.

      5.    Advances. Until the Maturity Date, and provided there has been no Event of Default, the Borrower may, from time to time, borrower and re-borrow amounts from Lender hereunder; provided, however that no such borrowing or re-borrowing shall result in the then outstanding Principal Amount exceeding SIX

HUNDRED THOUSAND DOLLARS ($600,000.00) (the "Maximum Amount"). If at any time the then outstanding Principal Amount exceeds the Maximum Amount, the Borrower shall immediately make a prepayment to the extent necessary to reduce the amount of the aggregate unpaid principal balance thereof to the Maximum Amount.

The Lender shall maintain on its books a loan account with respect to borrowings, re-borrowings, payment and prepayments of the Principal Amount, the accrual and payment of interest, and all other amounts and charges owing to the Lender hereunder. A schedule showing the date, amount and purpose of each draw and payment shall be appended hereto as Schedule A and updated from time to time.

6. Default and Acceleration. The entire unpaid Principal outstanding under this Note and accrued interest thereon shall become immediately due and payable, and the Lender shall have all of the rights, powers and remedies available under the terms of this Note and applicable law, following the Borrower's failure to pay within ten (10) days of the applicable due date any payment of money ("Event of Default"), whether as principal, interest, late charge or Enforcement Costs, as required under this Note.

7. Limitation of Waivers by Lender. The failure of the Lender to exercise the option for acceleration of maturity following an Event of Default or to exercise any other option granted to it hereunder in any one or more instance, or the acceptance by the Lender of partial payments or partial performance shall not constitute a waiver of any such Event of Default, but such options shall remain continuously in force. If the Lender claims acceleration by maturity, then the Lender may, at its option, rescind such acceleration by maturity by written acknowledgement to that effect, but the tender and acceptance of partial payment or partial performance alone shall not in any way affect or rescind such acceleration of maturity.

8. Enforcement Costs. If this Note or any payment required hereunder is not paid when due, whether at maturity or otherwise, the Borrower promises to pay all costs of collection and enforcement, including but not limited to, reasonable attorneys' fees and costs incurred in connection with the enforcement hereof, whether or not suit is filed thereon and Court costs (collectively, the "Enforcement Costs").

9. Severability. If any term, covenant or condition of this Note or the application thereof to any person, entity or circumstance shall be invalid or unenforceable, the remainder of this Note or the application of such term, covenant or condition to persons, entities or circumstances other than those to which it is held to be invalid or unenforceable shall not be affected thereby, and each term shall be valid and enforceable to the fullest extent permitted by law.



2

10. **Governing Law.** This Note shall be governed by and construed in accordance with the laws of the Commonwealth of Virginia, without giving effect to conflicts of law principles thereof.

11. **Notices.** Any and all notices, designations, consents, offers, acceptances, or any other communication provided for herein shall be given in writing and shall be either hand-delivered, sent by recognized overnight express courier service, by facsimile or by United States mail (registered or certified, return receipt requested) to the parties at the following addresses: (i) if to Borrower, to his most recent address as it appears on the Lender's business records, or to such other address as may be designated by the Borrower in accordance with this paragraph; and (ii) if to the Lender, at 7964 Conell Court, Suites R,S & T, Lorton, Virginia 22079 or to such other address as may be designated by the Lender in accordance with this paragraph.

Notice shall be deemed to be effective upon delivery; for this purpose, (a) items sent by a recognized overnight delivery service for next-day morning delivery shall be deemed delivered by noon of the following day; (b) items sent by facsimile shall be deemed delivered at the time transmitted, provided that such fax is accompanied or preceded by a telephone conversation with the recipient alerting the recipient of the fax; and (c) items sent by mail shall be deemed delivered within five (5) days after deposit in the United States mail (properly addressed, with postage prepaid thereon), whichever is earlier.

12. **Waiver.** The Borrower hereby waives presentment for payment, demand, protest, notice of intention to accelerate and acceleration, notice of dishonor and nonpayment, notice of impairment of collateral, diligence in collecting, and the bringing of suit against any other party. Lender shall not be deemed to have waived the exercise of any right which it holds hereunder unless such waiver is made expressly and in writing.

13. **Successors.** This Note shall be binding upon the Borrower and his heirs, successors, and assigns.

BORROWER:

I³, LLC

_____
Richard A. Ochsner
Manager

3