# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

In re:

ICHIBAN, INC.,

        Debtor.

Case No. 06-10316-RGM
(Chapter 7)

## MEMORANDUM OPINION

The question presented is whether a right of first refusal included in a limited liability company's operating agreement is an executory contract that may be assumed or rejected under 11 U.S.C. §365(a). The question arises in connection with the chapter 7 trustee's motion to sell a membership interest and promissory note and the company's objection. The motion will be granted because the right of first refusal is an executory contract that either expired by its own terms or was rejected by the trustee.

### Position of the Parties

The bankruptcy estate owns 16.3333% of the membership interest of $I^3$ Group (the "company") and a $600,000 note payable to the debtor from $I^3$ Group. Partnership Liquidity Investors (the "prospective bidder") expressed an interest in purchasing the membership interest and the note. In order to obtain the best price for the estate's assets, the trustee proposed to sell the assets as a single lot at a public auction. The company objected because its operating agreement provides for a right of first refusal, first to the company and then, if not exercised by the company, to the members. It asserts that at the conclusion of an auction, it has the right, if it elects to do so, to purchase the membership interest at the highest bid. The parties agree that the operating

1

agreement contains a right of first refusal in §9.01, "Restrictions on Transfers of Membership Interests." They disagree whether it is an executory or a non-executory contract. If it is an executory contract, it was rejected. If it is a non-executory contract, it may not be rejected and, unless it expired by its own terms, remains enforceable.

## Discussion

There is no *per se* rule that characterizes all limited liability company operating agreements as either executory or non-executory. Each is individually analyzed. *Meiburger v. Endeka Enters, LLC (In re Tsiaoushis),* 383 B.R. 616, 619 (Bankr. E.D. Va. 2007), *aff'd,* 2007 U.S. Dist. LEXIS 53376 (E.D. Va. July 19, 2007). The Court of Appeals for the Fourth Circuit adopted Professor Countryman's definition: "a contract under which the obligation of both the bankrupt and the other party to the contract are so far unperformed that the failure of either to complete performance would constitute a material breach excusing performance of the other." *Lubrizol Ent., Inc. v. Richmond Metal Finishers, Inc. (In re Richmond Metal Finishers, Inc.),* 756 F.2d 1043, 1045 (4th Cir. 1985) (quoting V. Countryman, *Executory Contracts in Bankruptcy: Part I,* 57 Minn.L.Rev. 439, 460 (1973));[1] *In re Garrison-Ashburn, L.C.*, 253 B.R. 700, 708 (Bankr. E.D. Va. 2000).

Are such unperformed obligations on the part of both parties? Section 9.01 of the operating agreement creates the right of first refusal, establishes when it is applicable and the manner in which it may be exercised. There is an unperformed obligation on the part of the debtor. A selling member

---

[1] *Lubrizol* was superceded by statute as to the applicability of §365(a) to intellectual property licenses with the enactment of §365(n) in the Intellectual Property Bankruptcy Protection Act of 1988, Pub.L. No. 100–506, 102 Stat. 2538. *In re Qimonda AG Bankruptcy Litigation,* 433 B.R. 547, 567 (E.D. Va. 2010). The definition of an executory contract remained unchanged.

"first must offer to Transfer the Subject Interest to the Company at the Sales Price." Op. Agmt. §9.01(d)(1). If a selling member fails to do so, he is in material breach of the operating agreement.

The company argues that a naked right of first refusal is not an executory contract. A naked right of first refusal is a right on the part of the non-selling member to purchase the selling member's interest where the right of first refusal automatically expires upon the failure to affirmatively exercise the right of first refusal within a reasonable period of time and the non-selling member, upon exercising the right of first refusal, has no obligation other than to pay the purchase price. Such a right of first refusal is not an executory contract. The failure of the non-selling member to exercise his right of first refusal does not constitute a breach, much less a material breach excusing performance by the selling member. The non-selling member is simply under no obligation to exercise the right of first refusal. Nor does it become an executory contract upon exercise of the right of first refusal because the only performance required of the non-selling member is the payment of money.[2]

That is not the case here. The company, and the members if the company does not exercise its right of first refusal, have unperformed obligations. The operating agreement provides:

> The options arising under this Section 9.01(d) automatically shall be exercisable in the event of a threatened or actual Transfer of a Membership Interest by sale, under levy of execution, attachment, pledge, seizure by a trustee in bankruptcy, by virtue of the death of an individual Member under the laws of testacy or intestacy, as a result of divorce or dissolution of marriage, or any other Transfer whether by affirmative action or by operation of law. If any Person holding a Membership Interest institutes voluntary proceedings under any bankruptcy law; involuntary proceedings are instituted against any such Member and an adjudication of bankruptcy or order for relief is entered; any such Member makes an assignment for

---

[2]An obligation to pay for merchandise when delivered is contingent on delivery. Nonetheless, such an unperformed contract is an executory contract until the merchandise is delivered. After delivery, there is only an obligation to pay money. See V.Countryman, *Executory Contracts in Bankruptcy: Part I,* 57 Minn.L.Rev. 439, 456 (1973).

>   the benefit of creditors; or the Membership Interest of any Member is levied upon under a writ of execution or becomes subject to sale under any legal procedure, the Company's option to purchase any such Membership Interest as provided in Section 9.01(d)(1) shall arise when the Company receives notification or otherwise becomes aware of any of the foregoing events. The Company then shall be substituted for the Selling Member as the party required to give notice to the Members and the Manager under Section 9.01(d)(2) and (3) above.

Op. Agmt. at §9.01(d)(4). The failure of the company to give the required notice in conformity to §9.01(d)(4) is a material breach. The 30-day period for the exercise of the right of first refusal commences on receipt of the notice.[3] Failure to timely give the notice prejudices the selling member because he cannot proceed with the transaction without the other members exercising their right of first refusal or allowing the right to expire.

Among other obligations, the members are required to agree on the sales price if there is an "attempted Transfer of a Subject Interest other than pursuant to a bona fide offer." If the members are unable to agree on a value, the members must select two appraisers who will determine the value of the membership interest. Op.Agmt. §9.01(d)(5).

The members are required to "execute such certificates or other documents and perform such acts as the Manager deems appropriate, before, upon or after the Transfer of a Membership Interest by that Member to preserve the limited liability of the Members." Op. Agmt. §9.01(f).

Whether these obligations, and others, are examined as individual obligations, individual steps in a single transaction, or as a single comprehensive transaction, the right of first refusal in the operating agreement is an executory contract. Section 9.01 imposes separate unperformed duties on the company and members. Some, such as §9.01(d)(4), are direct obligations. Others may be contingent on certain events occurring. *Lubrizol,* 756 F.2d at 1046 ("Contingency of an obligation

---

[3] The trustee argues that it also commences when the members "otherwise become[] aware of any of the foregoing events."

4

does not protect its being executory under §365."). All are obligations "so far unperformed that the failure of either to complete performance would constitute a material breach excusing performance of the other." Moreover, when the right of first refusal transaction is viewed as a whole – with numerous individual obligations that are part and parcel of the right of first refusal transaction – it is itself an executory contract. The transaction is exhaustively formulated with numerous steps and obligations. While some may not individually constitute a material breach if not performed, they are part and parcel of a single transaction that is executory on the part of all parties.

The next question is whether the right of first refusal has expired or been rejected. The trustee properly notes that §365(d)(1) provides a 60-day period for the trustee to assume or reject a contract for personal property. The trustee's failure to do so is a rejection of the contract. The 60-day period has expired and, if the right of first refusal did not expire by its own terms, it was rejected on July 2, 2006.

The company's right of first refusal expired before July 2, 2006. The right of first refusal could be exercised by the company for a period of thirty days, and if not exercised by the company within the thirty-day period, then by the members during an additional thirty-day period. The trustee argues that the thirty-day period for the company was triggered by one of the bankruptcy events in §9.01(d)(4) when it received notification of the event or "otherwise [became] aware of any of the foregoing events." Op.Agmt. §9.01(d)(4). The trustee argues that the company became aware of the bankruptcy early in the case. An involuntary petition was filed against the debtor on April 3, 2006. An order for relief was entered on May 3, 2006. A fraudulent conveyance suit was filed in this court on July 13, 2006, to recover the transfer of the debtor's membership interest in the company. The company participated in the suit which was ultimately successful. *See, e.g.,* Motion

5

for a Protective Order, *Bartl v. Ochsner (In re Ichiban),* Adv.Proc.No. 06-1134 (Bankr.E.D.Va. March 27, 2009) (Docket No. 166). The order avoiding the transfer of the debtor's membership interest in the company was entered on July 6, 2007. It is clear that the company knew of the transfer of the debtor's membership interest and of filing of the involuntary petition early in 2006. It did not exercise its right of first refusal and, therefore, waived it.[4]

While the right of first refusal expired as to the company, a new thirty-day period would commence as to the members "after the other Members' receipt of the offer." Op.Agmt. at §9.01(d)(3). The company was obligated to give this notice to the other members. It does not appear on this record that the company did so.[5] The trustee argues that no further notice to the members was required because the right of first refusal was triggered automatically by an event, not a proposed sale's offer. Thus, the members' thirty-day period to exercise their right of first refusal commenced within a reasonable time after the event that automatically triggered the right of first refusal and the company's thirty-day period had expired without being exercised. The issue of the necessity of further written notice was not argued and the record is not sufficiently developed to fully address the issue of whether the members' rights of first refusal, if triggered, expired by failure to exercise it. It is not clear if the other members were aware of the pre-petition transfer, the bankruptcy, the failure of the company to exercise its right of first refusal or were served with the

---

[4] No one argued that each transaction is subject to a new right of first refusal, that even if the company and members waived or failed to timely exercise their right of first refusal as to the transfer to the trustee upon the filing of the petition, the new proposed transaction is subject to a new right of first refusal. Even if accepted, the trustee's argument that the right of first refusal was rejected by his by failure to assume would prevail.

[5] The operating agreement does not set a time within which the company must give the notice and it is, therefore, a reasonable time. The time for the company to give notice to the members, if any was required, has long since passed.

6

motion.[6] On the state of the record, it cannot be determined whether the member's right of first refusal expired.

The last question is whether the trustee may sell the membership interest together with the note as a single package or must sell the two assets separately. The note is not subject to a right of first refusal in §9.01(d) of the operating agreement. He had sought to sell them as a package, expecting a better price for them if sold together. Because neither asset is subject to an extant right of first refusal, the trustee may exercise his discretion to sell the two assets as a package or separately.

## **Conclusion**

The operating agreement is an executory contract and the right of first refusal, if it did not expire earlier, was rejected by the trustee's failure to assume it on July 2, 2006. The right of first refusal is not enforceable in this bankruptcy case as to the debtor. The trustee's motion to approve bidding procedures will be granted.

Alexandria, Virginia
June 30, 2014

/s/ Robert G. Mayer
Robert G. Mayer
United States Bankruptcy Judge

---

[6] The operating agreement shows five members: Richard A. Ochsner, William Weithman, Bonnie Ochsner, Edward Anthony and Ichiban. Ichiban is the debtor. Mr. Ochsner was the president of Ichiban and was responsible for the avoided transaction. Bonnie Ochsner is Mr. Ochsner's mother. Together, they own 82.3333% of $I^3$ Group. Mr. Anthony accepted service of a subpoena in the avoidance action in this court. All were listed as witnesses on the witness lists filed in the avoidance action.

Copy electronically to:

Darrell W. Clark
Robert B. Baumgartner
Kevin M. O'Donnell

19205